IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISON

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>And<br><br>**LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY**<br><br>*Plaintiffs*,<br><br>v.<br><br>**PACKAGING CORPORATION OF AMERICA,**<br>     *Defendant.* | Case No. 2:22-cv-5361 |

## STIPULATION OF SETTLEMENT

Plaintiff United States of America, on behalf of the United States Environmental Protection Agency (the "EPA"), has filed a Complaint in this action concurrently with this Stipulation of Settlement (the "Stipulation"), alleging that Packaging Corporation of America ("PCA") violated Sections 112(r)(1) and 112(r)(7) of the Clean Air Act ("Clean Air Act" or the "Act"), 42 U.S.C. §§ 7412(r)(1) and (r)(7) and the Chemical Accident Prevention Provisions promulgated at 40 C.F.R. Part 68 (the "Risk Management Program Regulations") at its containerboard production facility located at 4200 U.S. Highway 190 West in DeRidder, Beauregard Parish, Louisiana (the "DeRidder Mill" or "Mill"). Plaintiff Louisiana Department of Environmental Quality ("LDEQ") has joined the Complaint, alleging that PCA violated Louisiana Administrative Code 33:III.5901.A, which incorporates the Risk Management

-1-

Program Regulations by reference, at the DeRidder Mill.  The United States seeks civil penalties pursuant to Section 113(b) of the Act, 42 U.S.C. § 7413(b), and LDEQ seeks civil penalties pursuant to La. R.S. 30:2025(E)(1)(a), against PCA.

WHEREAS, the United States alleges that PCA's violations caused or contributed to conditions that, on February 8, 2017, led to a release of regulated and highly flammable substances, including methanol and turpentine, that caused an explosion at the DeRidder Mill's foul condensate tank, resulting in the deaths of three contract workers and injuries to seven others (the "Explosion").

WHEREAS, the Explosion destroyed the DeRidder Mill's foul condensate tank, which was used to accumulate flammable byproducts of the pulping process, at the DeRidder Mill.

WHEREAS, after the Explosion, the EPA conducted an inspection of the DeRidder Mill, including the Mill Water Chlorine System, in May of 2017, and identified, *inter alia*, alleged violations of the Act and the Risk Management Program Regulations.

WHEREAS, the Mill Water Chlorine System was a "covered process" used to treat pulping process wastewater at the DeRidder Mill, which required Defendant to develop and implement a risk management plan.  *See* 40 C.F.R. §§ 68.12 and 68.3.

WHEREAS, methanol and turpentine are deemed "highly flammable" by the National Fire Protection Association.  Methanol can be ignited under ambient temperature conditions and accumulations of its vapors in confined spaces may explode if ignited.  National Fire Prevention Association ("NFPA") Standard 497 specifically lists methanol and turpentine as combustible materials.  *See* NFPA, 497, Table 4.4.2 (2017 ed.).

WHEREAS, methanol and turpentine are listed in the Occupational Safety and Health Administration Occupational Chemical Database, which details their explosive limits, flash points, and fire ratings.  Both substances have a fire rating of three out of four, meaning they can ignite under normal temperature conditions.  *See* NFPA 704 (2017 ed.).

WHEREAS, chlorine is an extremely hazardous substance and a listed, regulated toxic substance.  *See* 42 U.S.C. § 7412(r)(3) and 40 C.F.R. § 68.130 (Tables 1 & 2).  Chlorine is "known to cause or may reasonably be anticipated to cause death, injury, or serious adverse effects to human health or the environment."  42 U.S.C. § 7412(r)(3).

WHEREAS, Defendant decommissioned the DeRidder Mill's Water Chlorine System in October 2018.  Chlorine is no longer used to treat pulping process wastewater at the DeRidder Mill and the DeRidder Mill is no longer registered to operate a "covered process."  *See* 40 C.F.R. §§ 68.12 and 68.3.

WHEREAS, Defendant does not admit any liability to the United States or LDEQ arising out of the transactions or occurrences alleged in the Complaint.

WHEREAS, the Parties recognize, and the Court by entering this Stipulation finds, that this Stipulation has been negotiated by the Parties in good faith and will avoid litigation between the Parties and that this Stipulation is fair, adequate and reasonable, and in the public interest.

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section I (Jurisdiction and Venue), and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I. JURISDICTION AND VENUE

1.  This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 113(b) of the Act, 42 U.S.C. § 7413(b), and over the Parties. This Court has supplemental jurisdiction over the State law claims asserted by LDEQ pursuant to 28 U.S.C. § 1367. Venue lies in this District pursuant to Section 113(b) of the Act, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1391(b) and (c) and 1395(a), because the violations alleged in the Complaint are alleged to have occurred in, and Defendant conducts business in, this judicial district. For purposes of this Stipulation, or any action to enforce this Stipulation, Defendant consents to: (a) this Court's subject matter jurisdiction over this Stipulation and any action to enforce it; (b) this Court's personal jurisdiction over it; and (c) venue in this judicial district.

2.  For purposes of this Stipulation, Defendant agrees that the Complaint states claims upon which relief may be granted pursuant to Sections 112(r)(1) and 112(r)(7) of the Clean Air Act, 42 U.S.C. §§ 7412(r)(1) and (r)(7), the Risk Management Program Regulations, and the Louisiana Environmental Quality Act, La. R.S. 30:2001 *et seq*.

3.  Notice of the commencement of this action has been given to co-plaintiff LDEQ as required by Section 113(b) of the Act, 42 U.S.C. § 7413(b).

## II. APPLICABILITY

4.  The obligations of this Stipulation apply to and are binding upon the United States and LDEQ, and upon Defendant and any successors, assigns, or other entities or persons otherwise bound by law.

5.      No transfer of ownership or operation of the DeRidder Mill will relieve Defendant of its obligation to ensure that the terms of the Stipulation are implemented.

### III. DEFINITIONS

6.      Terms used in this Stipulation that are defined in the Act or in regulations promulgated pursuant to the Act, will have the meanings assigned to them in the Act or such regulations, unless otherwise specifically provided in this Stipulation. Whenever the terms set forth below are used in this Stipulation, the following definitions will apply:

"Complaint" shall means the complaint filed by the United States and LDEQ in this action;

"Day" means a calendar day unless expressly stated to be a business day. In computing any period of time for a deadline under this Stipulation, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period will run until the close of business of the next business day;

"Defendant" means Packaging Corporation of America;

"DeRidder Mill" or the "Mill" means the containerboard production facility located at 4200 U.S. Highway 190 West in DeRidder, Beauregard Parish, Louisiana that is owned and operated by Defendant;

"DOJ" means the United States Department of Justice and any of its successor departments or agencies;

"Effective Date" means the definition provided in Section IX (Effective Date);

"EPA" means the United States Environmental Protection Agency and any of its successor departments or agencies;

"LDEQ" means the Louisiana Department of Environmental Quality and any of its successor departments or agencies;

"Paragraph" means a portion of this Stipulation identified by an Arabic numeral;

"Parties" means the United States, LDEQ, and Defendant;

"Section" means a portion of this Stipulation identified by a Roman numeral;

"State" means the State of Louisiana;

"Stipulation" means the Stipulation of Settlement in this action;

and

"United States" means the United States of America, acting on behalf of EPA.

## IV. CIVIL PENALTY

7.      Within thirty (30) Days after the Effective Date, Defendant must pay the following amounts as civil penalties, together with interest accruing from the date on which the Stipulation is lodged with the Court, at the rate specified in 28 U.S.C. § 1961 as of the date of lodging: $1,806,250.00 to the United States and $693,750.00 to LDEQ.

8.      Defendant must pay the civil penalty due to the United States by FedWire Electronic Funds Transfer ("EFT") to the DOJ account, in accordance with written instructions to be provided to Defendant by the Financial Litigation Program ("FLP") of the United States Attorney's Office for the Western District of Louisiana after the Effective Date. The payment instructions provided by the FLP will include a Consolidated Debt Collection System Number ("CDCS"), which Defendant must use to identify all payments required to be made in accordance with this Stipulation. The FLP will provide the payment instructions to:

>Ms. Dawn Blancaflor
>Packaging Corporation of America
>Assistant General Counsel
>101 S. Capitol Blvd., Suite 800
>Boise, ID 83702
>(208) 859-8981
>dawnblancaflor@packagingcorp.com

Defendant may change the individual to receive payment instruction on its behalf by providing written notice of such change to the United States in accordance with Section VIII (Notices).

9. At the time of payment, Defendant must send notice that payment has been made: (a) to EPA's Finance Office via email to cinwd_acctsreceivable@epa.gov and by first-class mail to EPA Cincinnati Finance Office, 26 W. Martin Luther King Drive, Cincinnati, Ohio 45268; (b) to DOJ via email and first-class mail in accordance with Section VIII (Notices); (c) to EPA via email and first-class mail in accordance with Section VIII (Notices); and (d) to the United States Attorney's Office via email and first-class mail in accordance with Section VIII (Notices). Such notice must state that the payment is for the civil penalty owed pursuant to the Stipulation in *United States of America and Louisiana Department of Environmental Quality v. Packaging Corporation of America* and must reference the civil action number, CDCS number, and DOJ case number 90-5-2-1-12087.

10. Defendant must pay the civil penalty due to LDEQ either: (a) by check made payable to the Louisiana Department of Environmental Quality and sent via first-class mail to: Accountant Administrator, Financial Services Division, LDEQ, P.O. Box 4303, Baton Rouge, Louisiana 70821-4303 or (b) by EFT in accordance with written instructions provided by LDEQ to Defendant, upon request. Any check must reference this Stipulation and the civil action number.

11.     At the time of payment, Defendant must send notice that payment has been made to LDEQ via email and first class mail in accordance with Section VIII (Notices).

12.     Defendant must not deduct any penalties paid under this Stipulation pursuant to this Section or Section V (Stipulated Penalties) in calculating its federal or State income tax.

## V. STIPULATED PENALTIES

13.     If Defendant fails to pay the civil penalty required to be paid to the United States and LDEQ under Section IV (Civil Penalty) when due, Defendant must pay a stipulated penalty of $10,000.00 per Day for each Day that the payment is late.

14.     Stipulated penalties under this Section will begin to accrue on the Day after Defendant has failed to pay the civil penalty in accordance with Section IV (Civil Penalty), and will continue to accrue until payment of the civil penalty is completed to the United States and LDEQ.

15.     Defendant must pay any stipulated penalty to the United States and LDEQ within thirty (30) Days of receiving a written demand by either the United States or LDEQ. Defendant must pay seventy (70) percent of the total stipulated penalty amount due to the United States and thirty (30) percent of the total stipulated penalty amount due to LDEQ. The Plaintiff making a demand for payment of a stipulated penalty will simultaneously send a copy of the demand to the other Plaintiff in accordance with Section VIII (Notices).

16.     Defendant must pay stipulated penalties owing to the United States in the manner set forth in Paragraph 8 of Section IV (Civil Penalty) and with the confirmation notices required by Paragraph 9 of Section IV (Civil Penalty), except that the transmittal letter must state that the payment is for stipulated penalties assessed pursuant to the Stipulation.

17.     Defendant must pay stipulated penalties owing to LDEQ in the manner set forth in Paragraph 10 of Section IV (Civil Penalty) and with the confirmation notices required by Paragraph 11 of Section IV (Civil Penalty), except that the transmittal letter must state that the payment is for stipulated penalties assessed pursuant to the Stipulation.

18.     If Defendant fails to pay stipulated penalties according to the terms of this Stipulation, Defendant will be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due.  Nothing in this Paragraph will be construed to limit the United States or LDEQ from seeking any remedy otherwise provided by law for Defendant's failure to pay any stipulated penalties.

## VI. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

19.     This Stipulation resolves the civil claims of the United States and LDEQ for the violations alleged in the Complaint through the date of lodging.

20.     The United States and LDEQ reserve all legal and equitable remedies available to enforce the provisions of this Stipulation.  This Stipulation will not be construed to limit the rights of the United States or LDEQ to otherwise obtain penalties or injunctive relief under the Act or its implementing regulations, or under other federal or State laws, regulations, or permit conditions, except as expressly specified in Paragraph 19 of this Section.  The United States and LDEQ further reserve all legal and equitable remedies to address any imminent and substantial endangerment to the public health or welfare or the environment arising at, or posed by, the DeRidder Mill, whether related to the violations addressed in this Stipulation or otherwise.

21.     In any subsequent administrative or judicial proceeding initiated by the United States or LDEQ for injunctive relief, civil penalties, or other appropriate relief relating to the

Mill, Defendant will not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States or LDEQ in the subsequent proceeding were or should have been brought in this case, except with respect to claims that have been specifically resolved pursuant to Paragraph 19 of this Section.

22. This Stipulation is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations. Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and Defendant's compliance with this Stipulation will be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States and LDEQ do not, by their consent to the entry of this Stipulation, warrant or aver in any manner that Defendant's compliance with any aspect of this Stipulation will result in compliance with provisions of the Act, or with any other provisions of federal, State, or local laws, regulations, or permits.

23. This Stipulation does not limit or affect the rights of Defendant or of the United States or LDEQ against any third parties, not party to this Stipulation, nor does it limit the rights of third parties, not party to this Stipulation, against Defendant, except as otherwise provided by law.

24. This Stipulation will not be construed to create rights in, or grant any cause of action to, any third party not party to this Stipulation.

## VII. COSTS

25.     The Parties will bear their own costs of this action, including attorneys' fees, except that the United States and LDEQ will be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Defendant.

## VIII. NOTICES

26.     Unless otherwise specified in this Stipulation, whenever notifications, submissions, or communications are required by this Stipulation, they will be made in writing and sent by mail and/or email, addressed as follows:

<u>As to DOJ by first-class mail:</u>      EES Case Management Unit
Environmental and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C.  20044-7611
Re: DOJ No. 90-5-2-1-12087

<u>As to DOJ by email:</u>      eescdcopy.enrd@usdoj.gov
Re: DOJ No. 90-5-2-1-12087

<u>As to EPA by first-class mail:</u>      Associate Director
Air, Toxics, and Inspections Coordination Branch
(6 EN-A)
U.S. Environmental Protection Agency, Region 6
1201 Elm Street, Suite 500
Dallas, Texas 75270-2102

<u>As to EPA by email:</u>      stucky.marie@epa.gov
carter.courtney@epa.gov
mcdowell.justin@epa.gov

<u>As to the United States Attorney by first-class mail:</u>      U.S. Attorney
U.S. Attorney's Office
Western District of Louisiana
300 Fannin Street

|  |  |
|---|---|
|  | Suite 3201<br>Shreveport, Louisiana 71101 |
| <u>As to the United States Attorney by email</u>: | shannon.brown@usdoj.gov |
| <u>As to LDEQ by first-class mail</u>: | Ms. Angela Marse<br>Enforcement Administrator<br>Louisiana Department of Environmental Quality<br>Office of Environmental Compliance<br>P.O. box 4312<br>Baton Rouge, LA 70821 |
| and | Mr. Oscar Magee<br>Louisiana Department of Environmental Quality<br>Office of the Secretary<br>P.O. Box 4302<br>Baton Rouge, LA 70821-4302 |
| <u>As to LDEQ by email</u>: | angela.marse@la.gov<br>oscar.magee@la.gov |
| <u>As to Defendant by first-class mail</u>: | Ms. Dawn Blancaflor<br>Packaging Corporation of America<br>Assistant General Counsel<br>101 S. Capitol Blvd.<br>Suite 800<br>Boise, ID 83702 |
| <u>As to Defendant by email</u>: | dawnblancaflor@packagingcorp.com |

27. Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided above.

28. Notices submitted pursuant to this Section will be deemed submitted upon mailing and/or transmission by email, unless otherwise provided in this Stipulation or by mutual agreement of the Parties in writing.

-12-

## IX. EFFECTIVE DATE

29.     The Effective Date of this Stipulation will be the date when this Stipulation is signed and entered by the Court, as recorded on the Court's docket.

## X. RETENTION OF JURISDICTION

30.     The Court will retain jurisdiction over this case until the termination of this Stipulation, for the purpose of effectuating or enforcing compliance with the terms of this Stipulation.

## XI. TERMINATION

31.     After Defendant has paid the civil penalty and any accrued stipulated penalties as required by Sections IV (Civil Penalty) and V (Stipulated Penalties) of this Stipulation, this Stipulation may be terminated.  After receiving all amounts due under this Stipulation, the United States will file a notice with the Court stating that full payment has been made and requesting that the Complaint be dismissed with prejudice.

## XII. PUBLIC PARTICIPATION

32.     The Parties agree and acknowledge that final approval by LDEQ and entry of this Stipulation are subject to the requirements of La. R.S. 30:2050.7, which provides for:  (a) public notice of this Stipulation in the newspaper of general circulation and the official journal of the parish in which the DeRidder Mill is located, (b) an opportunity for public comment for a period of not less than forty-five (45) days and consideration of any comments received, and (c) concurrence by the State Attorney General.  LDEQ reserves the right to withdraw or withhold consent if the comments regarding this Stipulation disclose facts or considerations which indicate that this Stipulation is inappropriate, improper, or inadequate.

## XIII. SIGNATORIES/SERVICE

33. Each undersigned representative of Defendant and Plaintiffs certifies that he or she is fully authorized to enter into the terms and conditions of this Stipulation and to execute and legally bind the Party he or she represents to this Stipulation.

34. This Stipulation may be signed in counterparts, and its validity will not be challenged on that basis. Defendant agrees to accept service of process by mail with respect to all matters arising under or relating to this Stipulation and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons. Defendant need not file an answer to the Complaint in this action unless or until the Court expressly declines to enter this Stipulation.

## XIV. INTEGRATION

35. This Stipulation constitutes the entire agreement among the Parties regarding the subject matter of the Stipulation and supersedes all prior representations, agreements, and understandings, whether oral or written, concerning the subject matter of the Stipulation herein.

## XV. FINAL JUDGMENT

36. Upon approval and entry of this Stipulation by the Court, this Stipulation will constitute a final judgment of the Court as to the United States, LDEQ, and Defendant.

Dated and entered this 29th day of December, 2022.

                                                                                                   _____
                                                                                                    UNITED STATES DISTRICT JUDGE
                                                                                                    Western District of Louisiana

THE UNDERSIGNED PARTIES enter into this Stipulation in the matter of the *United States of America and Louisiana Department of Environmental Quality v. Packaging Corporation of America* (W.D. La.).

**FOR THE UNITED STATES OF AMERICA**

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice


_____*/s/ Christopher B. Witwer*_____
CHRISTOPHER B. WITWER
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 598-3122
christopher.witwer@usdoj.gov

-16-

THE UNDERSIGNED PARTIES enter into this Stipulation in the matter of the *United States of America and Louisiana Department of Environmental Quality v. Packaging Corporation of America* (W.D. La.).

**FOR THE UNITED STATES OF AMERICA**

BRANDON B. BROWN
United States Attorney
Western District of Louisiana


SHANNON T. BROWN
Assistant United States Attorney
LA Bar No. 32366
United States Attorney's Office
Western District of Louisiana
300 Fannin Street, Suite 3201
Shreveport, LA 71101
(318) 676-3600
shannon.brown@usdoj.gov

THE UNDERSIGNED PARTIES enter into this Stipulation in the matter of the *United States of America and Louisiana Department of Environmental Quality v. Packaging Corporation of America* (W.D. La.).

                                                FOR THE UNITED STATES
                                                ENVIRONMENTAL PROTECTION AGENCY,
                                                REGION 6

_____

CHERYL T. SEAGER
Director
Compliance Assurance and Enforcement Division
U.S. Environmental Protection Agency, Region 6
1201 Elm Street, Suite 500
Dallas, TX  75202

_____

JAMES McGUIRE
Regional Counsel
U.S. Environmental Protection Agency, Region 6
1201 Elm Street, Suite 500
Dallas, TX  75202

_____

COURTNEY CARTER
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 6
1201 Elm Street, Suite 500
Dallas, TX  75202

THE UNDERSIGNED PARTIES enter into this Stipulation in the matter of the *United States of America and Louisiana Department of Environmental Quality v. Packaging Corporation of America* (W.D. La.).

**FOR THE LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY**

_____
CELENA J. CAGE
Assistant Secretary
Office of Environmental Compliance
Louisiana Department of Environmental Quality
P.O. Box 4312
Baton Rouge, LA 70821-4312


_____
OSCAR MAGEE
Attorney
LA Bar No. 32302
Louisiana Department of Environmental Quality
Office of the Secretary
P.O. Box 4302
Baton Rouge, LA 708521-4302
(225) 219-4046
oscar.magee@la.gov

THE UNDERSIGNED PARTIES enter into this Stipulation in the matter of the *United States of America and Louisiana Department of Environmental Quality v. Packaging Corporation of America* (W.D. La.).

**FOR PACKAGING CORPORATION OF AMERICA**

*/s/ Kent Pflederer*

KENT A. PFLEDERER
Senior Vice President and General Counsel
Packaging Corporation of America
1 North Field Court
Lake Forest, IL 60045

-20-